[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Statewide Grievance Committee (Committee) filed the present disciplinary action against the respondent, Michael F. Becher, for conduct involving a loan between the respondent and a former client, David C. Jordan. Mr. Jordan filed a complaint with the Committee on April 14, 1999, and hearings were held before the Committee on August 11, 1999, October 13, 1999, February 8, 2000, and March 14, 2000. The respondent did not file an answer to the grievance complaint. He testified, however, that he had borrowed the funds from the complainant because of medical issues and financial difficulties and that his failure to file an answer was the result his failure to retrieve the complaint until after the answer date because of his limited access to the mailbox at his business address.
The Committee concluded that the respondent's conduct constituted a violation of Rule 1.8(a)[1] of the Rules of Professional Conduct in that it constituted a business transaction with the complainant, the complainant was not advised to seek the advice of independent counsel and the respondent failed to obtain the complainant's written consent to the loan transaction. The Committee also found that the respondent had represented to it that a payment of $3000 would be made to the complainant on February 8, 2000 and another $3000 within thirty days thereafter but that he had failed to do so in violation of the misrepresentation provision of Rule 8.4(3).[2]
On April 9, 2001, subsequent to the commencement of the present action, the parties executed a stipulation of facts, a copy of which is attached. The parties agreed to the following facts: the respondent was CT Page 7849 the complainant's attorney and accountant from 1989 until February, 1999; the respondent borrowed $5000 from the complainant in November, 1998; the respondent did not advise the complainant in writing to seek the advice of independent counsel; the respondent did not obtain the complainant's written consent to the loan transaction; the respondent did not repay the $5000; the respondent represented to the Committee that on February 8, 2000, he would mail a $3000 check to the complainant and an additional $3000 within thirty days thereafter but failed to do so; the respondent engaged in a business transaction with a client in violation of Rule 1.8(a) of the Rules of Professional Conduct; and the respondent violated the misrepresentation provision of Rule 8.4(3).
 DISCUSSION
"An attorney as an officer of the court . . . is continually
accountable to it for the manner in which he exercises the privilege which has been accorded him. His admission is upon the implied condition that his continued enjoyment of the right conferred is dependent upon his remaining a fit and safe person to exercise it, so that when he, by misconduct in any capacity, discloses that he has become or is an unfit or unsafe person to be entrusted with the responsibilities and obligations of an attorney, his right to continue in the enjoyment of his professional privilege may and ought to be declared forfeited . . . Therefore, if a court disciplines an attorney, it does so not to mete out punishment to an offender, but so that the administration of justice may be safeguarded and the courts and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal profession." (Brackets omitted; emphasis in original; internal quotation marks omitted.) Doe v. StatewideGrievance Committee, 240 Conn. 671, 684 (1997), citing Massameno v.Statewide Grievance Committee, 234 Conn. 539, 554-55 (1995).
In determining the sanctions to impose for attorney misconduct, courts have looked for assistance from the American Bar Association's standards for imposing lawyer sanctions. Statewide Grievance Committee v. Spirer,247 Conn. 762, 782 (1999). Section 3.0 of the ABA standards indicates that consideration should be given to the duty violated, the lawyer's mental state, the actual or potential injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors. Id.
The respondent has admitted violations of the Rules of Professional Conduct. The question for the court, therefore, is whether sanctions are warranted, and, if so, what the sanction should be. Statewide GrievanceCommittee v. Shluger, 230 Conn. 668, 678-79 (1994).
The respondent in the present case clearly took advantage of his CT Page 7850 professional relationship with the complainant. Although the respondent has been given numerous opportunities to make restitution and has repeatedly given assurances and promises that he would do so, he has failed to make full restitution over the past two years. The court was not impressed with either the respondent's explanations for his failure to answer the grievance or for his failure to make the payments as promised. In reaching its decision, the court takes note of the lack of prior disciplinary proceedings against the respondent.
Having considered the aggravating and mitigating factors, the court hereby orders that the respondent be suspended from the right to practice law for a period of six months. The court orders as a condition of reinstatement that, during the six month period, the respondent pass the "multi-state" professional responsibility examination and that full payment be made to the complainant, including interest at the rate of twelve percent. If testing for the professional responsibility examination is not available within the State of Connecticut during the six month period of the suspension, the time period for successful completion of the examination shall be extended for an additional six month period.
 STIPULATION OF FACTS
The undersigned parties hereby stipulate and agree to the following facts subject to the approval of the Court:
1. Michael F. Becher, (hereinafter, "Respondent") Juris #305376 was duly admitted as a member of the bar of the State of Connecticut on November 21, 1986.
2. The Respondent was David C. Jordan's attorney and accountant from 1989 until February 1999.
3. In November of 1998 the Respondent borrowed $5,000.00 from Mr. Jordan.
4. The Respondent did not advise Mr. Jordon in writing to seek the advice of independent counsel.
5. The Respondent did not obtain Mr. Jordon's written consent to the loan transaction.
6. The Respondent did not repay the $5,000.00 to Mr. Jordan.
7. At a February 8, 2000 hearing before a Statewide Grievance Committee reviewing committee the Respondent represented to the reviewing committee that he was going to mail a $3,000.00 check to Mr. Jordan on February 8, CT Page 7851 2000 and forward an additional $3,000.00 thirty days from February 8, 2000, but then failed to do so.
8. The Respondent engaged in a business transaction with a client in connection with the November, 1998 loan and did not advise Mr. Jordan in writing to seek the advice of independent counsel or obtain Mr. Jordan's written consent to the loan transaction in violation of Rule 1.8(a) of the Rules of Professional Conduct.
9. The Respondent failed to repay $5,000.00 to Mr. Jordan consistent with his February 8, 2000 representation to the reviewing committee in violation of the misrepresentation provision of Rule 8.4(3) of the Rules of Professional Conduct.
Dated at Danbury, Connecticut this 9th day of April, 2001.
Hiller, J.